Young County - District Clerk

Filed: 10/5/2015 12:01:07 PM
Jamie Freeze Land
District Clerk
Young County, Texas

Teresa Kilpatrick

## CAUSE NO. 32591

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| BYRON WALKER | § | |
| AND | § | 90TH JUDICIAL DISTRICT |
| SHERYL WALKER | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| C.L.W., A CHILD | § | YOUNG COUNTY, TEXAS |

## <u>BYRON WALKER'S MOTION FOR NEW TRIAL</u>

Byron Walker ("Byron") files this Motion for New Trial. In support of this Motion,

Byron shows the following:

### I. PROCEDURAL HISTORY

1. Bryon filed his Bill of Review on March 10, 2015, alleging that he lacked legal

remedy due to Sheryl Walker's ("Sheryl") improper withholding of discovery documents and

her, and her family's, threats to Byron.

2. Sheryl Walker filed her Original Answer on April 14, 2015. On April 28, 2015,

Sheryl filed her First Amended Answer simultaneously with her Motion for Summary Judgment.

3. On May 12, 2015, Byron served Sheryl with Requests for Disclosure, Requests

for Production, Requests for Admission, and Interrogatories. On May 20, 2015, Byron filed a

Motion for Continuance for the hearing on Sheryl's Motion for Summary Judgment because he

needed the discovery responses to adequately respond to the Motion for Summary Judgment.

Thereafter, Bryon filed his Response to Sheryl's Motion for Summary Judgment and Objections

to Sheryl's Summary Judgment Evidence.

4. On May 29, 2015, the Court heard Byron's Motion for Continuance, Objections

to Sheryl's Summary Judgment Evidence and Sheryl's Motion for Summary Judgment. The

Court ordered that Sheryl did not need to respond to any written discovery until thirty (30) days after a ruling on her Motion for Summary Judgment. On September 9, 2015, the Court granted Sheryl's Motion for Summary Judgment and denied Byron's Motion for a Continuance. Additionally, the Court signed an order denying all of Byron's objections to Sheryl's Summary Judgment Evidence.

## II.    MOTION FOR NEW TRIAL

5.    A Court may grant a new trial and set the judgment aside for good cause. TEX. R. CIV. P. 320. Byron has good cause to seek a new trial because the Court erred in denying his Motion for Continuance and granting Sheryl's Summary Judgment.

### A.    The Court Erred in Denying Byron's Motion for Continuance

6.    When a party files a motion for summary judgment shortly after the filing instituting the proceeding, the trial court should grant a motion for continuance if requested. *See, e.g., Levinthal v. Kelsey-Seybold Clinic, P.A.,* 902 S.W.2d 508, 512 (Tex. App.—Houston [1st Dist.] 1994, no writ) (trial court abused its discretion by not granting a continuance when motion for summary judgment was filed within three months of Plaintiff instituting lawsuit and before Defendant responded to discovery); *Verkin v. Southwest Ctr. One, Ltd.,* 784 S.W.2d 92, 96 (Tex. App.—Houston [1st Dist. 1989, writ denied) (Defendant's motion for continuance should have been granted because Plaintiff filed for summary judgment 50 days after filing lawsuit and before Defendant responded to discovery).

7.    Sheryl filed her Motion for Summary Judgment on April 28, 2015—just over a month after Bryon initiated the proceeding. Byron served Sheryl with written discovery on May 12, 2015 and filed his Motion for Continuance on May 20, 2015. This Court's ruling on Byron's Motion for a Continuance was an abuse of discretion because it prevented Byron from

adequately responding to Sheryl's Motion for Summary Judgment. It prevented him from securing evidence of his claims. Therefore, the Court should grant Byron's Motion for New Trial and vacate the summary judgment.

**B.     The Court Erred in Overruling Byron's Objections to Sheryl's Summary Judgment Evidence**

8.      Bryon made several objections to Sheryl's Summary Judgment evidence, which the Court overruled. The objections and the Court's order on them are attached hereto as Exhibit A. The Court erred in overruling these objections and should not have considered this evidence in granting summary judgment. Therefore, the Court should vacate the summary judgment and grant a new trial.

**C.     The Court Erred in Granting Sheryl's Motion for Summary Judgment**

9.      Under the traditional summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and she is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). The non-movant in a traditional summary judgment proceeding is not required to produce summary judgment evidence until after the movant establishes she is entitled to summary judgment as a matter of law. *Casso v. Bland*, 776 S.W.2d 551, 556 (Tex. 1989). In deciding whether there is a disputed issue of material fact that precludes summary judgment, the Court presumes all evidence favorable to the non-movant is true. *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002). The Court must view all evidence in the light most favorable to the non-movant and must indulge every reasonable inference and resolve all doubts in favor of him. *Id.*

10.     Sheryl failed to meet her burden to prove that as a matter of law Byron is precluded from succeeding on his Bill of Review by not filing an untimely, amended motion for

new trial. To file a bill of review, a petitioner is required to exhaust all *adequate* legal remedies. *See Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989). An amended motion for new trial is only timely, and may be filed without leave of court, before any preceding motion for new trial is overruled *and* within thirty days after the court signs the judgment. TEX. R. CIV. P. 329b(b). However, Byron did not discover the missing discovery documents until past the deadline to file a motion for new trial. Thus, his failure to file an untimely motion for new trial is not a failure to exhaust adequate legal remedies, and the Court should have denied summary judgment on this ground. Therefore, the Court should vacate the summary judgment and grant this Motion for New Trial.

11. Sheryl failed to meet her burden to prove that the fraud alleged in Byron's Bill of Review was intrinsic, rather than extrinsic fraud. A party's misrepresentation coupled with threats "does, in fact, constitute extrinsic fraud." *See Hester v. Prickett*, No. 03-11-00677-CV, 2012 WL 3252721 at *4 (Tex. App.—Corpus Christi Aug. 9, 2012, pet. denied) (mem. op.). *See also Rathmell v. Morrison*, 732 S.W.2d 6 (Tex. App.—Houston [14th Dist.] 1987, no writ.); *Martin v. Martin*, 840 S.W.2d 586 (Tex. App.—Tyler 1992, writ denied). Here, Sheryl made several misrepresentations regarding the existence of the cattle, and she withheld documents that were responsive to discovery requests that showed the cattle existed. Additionally, Sheryl and her family members improperly threatened Bryon with financial ruin. All of these factors taken together amount to extrinsic fraud, and the Court should have denied summary judgment on this ground. Therefore, the Court should vacate the summary judgment and grant this Motion for New Trial.

12. Sheryl failed to meet her burden to prove that Byron accepted benefits under the divorce decree that would estop his Bill of Review. First, a party's acceptance of a judgment's

community property disposition does not bar him, as a matter of law, from a review of that disposition if that party alleges and offers proof that the judgment was procured by fraud and threats of the other without his own fault or negligence. *Kessler v. Kessler*, 693 S.W.2d 522, 525 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Further, economic necessity is an exception that applies to the acceptance of benefits doctrine when the acceptance occurs only due to financial duress or other economic circumstances. *See Waite*, 150 S.W.3d at 803-04. Because the judgment was procured by fraud and threats, and Byron only accepted part of the judgment to avoid a formal foreclosure, summary judgment should have been denied on this point, and the Court should grant Byron's Motion for New Trial.

13. Sheryl argued that Bryon's Bill of Review should be barred by laches. However, laches should not bar an action within the limitations period unless allowing the action "would work a grave injustice." *In re Marriage of Stroud*, 376 S.W.3d 346, 357 (Tex. App. 2012) (quoting *Culver v. Pickens*, 142 Tex. 87, 176 S.W.2d 167, 170 (1943)). Sheryl did not produce any evidence to establish that preventing Byron from moving forward with his Bill of Review would create a grave injustice; therefore, summary judgment should not have been granted on this point. The Court should vacate the summary judgment and grant Byron's Motion for New Trial.

14. Sheryl failed to prove that Byron's claim is barred by res judicata because the Bill of Review involves Sheryl's underlying fraud, a new matter not raised in the original divorce proceeding, and the previously late filed motion for new trial does not adjudicate the merits such that res judicata is proper. Therefore, summary judgment should not have been granted on this point, and the Court should vacate the summary judgment and grant Byron's Motion for New Trial.

## III.   CONCLUSION AND PRAYER

Bryon prays that the Court grant this Motion for New Trial, set aside the judgment, and for whatever other relief to which he may be entitled in law or in equity.

Respectfully submitted,

**LOVELACE KILLEN, PLLC**

By:   */s/ W. Cade Lovelace*
W. Cade Lovelace
State Bar No. 24050956
clovelace@lovelacekillen.com
Jennifer L. Lovelace
State Bar No. 24051110
jlovelace@lovelacekillen.com
DaNae Couch
State Bar No. 24073483
dcouch@lovelacekillen.com
100 E. 15th St., Suite 350
Fort Worth, TX 76102
Tel: (817) 953-9656
Fax: (817) 385-6656

*ATTORNEYS FOR PETITIONER*

## CERTIFICATE OF SERVICE

This is to certify that on the 5th day of October, 2015, a true and correct copy of Byron Walker's Motion for New Trial was served in the following manner on the persons named below:

Kerwin Stephens
STEPHENS & MYERS, L.L.P.
515 Fourth Street
Graham, Texas 76450

*Via CMRRR No. 7014 1820 0002 0429 3111*
*and First Class Mail*

*/s/ Cade Lovelace*
W. Cade Lovelace

**FILED**

3:04 O'CLOCK ___P___ M

SEP 0 9 2015

DISTRICT CLERK, YOUNG COUNTY, TEXAS

BY _____ DEPUTY

<u>CAUSE NO. 32591</u>

IN THE MATTER OF
THE MARRIAGE OF

BYRON WALKER
AND
SHERYL WALKER

AND IN THE INTEREST OF
C.L.W., A CHILD

§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

90TH JUDICIAL DISTRICT

YOUNG COUNTY, TEXAS

## ORDER ON BYRON WALKER'S OBJECTIONS TO SHERYL WALKER'S SUMMARY JUDGMENT EVIDENCE AND RESPONSE TO SHERYL WALKER'S MOTION FOR SUMMARY JUDGMENT

On the 29th day of May, 2015, came to be heard Respondent, Sheryl Walker's, Motion for Summary Judgment. After considering the motion, the pleadings, any responses, and the arguments of counsel, the Court is of the opinion that Byron Walker's objections to Sheryl Walker's Motion for Summary Judgment should be sustained or overruled as indicated below:

1. Byron Walker's relevance objection to Exhibit A.

    Sustained _____      Overruled ___✓___

2. Byron Walker's relevance objection to Exhibit B.

    Sustained _____      Overruled ___✓___

3. Byron Walker's objection to Paragraph 2 of Exhibit C, Affidavit of Danny Lynn Cusenbary, because it recites factual conclusions without describing underlying facts.

    Sustained _____      Overruled ___✓___

4. Byron Walker's hearsay objection to Paragraph 2 of Exhibit C, Affidavit of Danny Lynn Cusenbary.

    Sustained _____      Overruled ___✓___

5. Byron Walker's relevance objection to Paragraph 2 of Exhibit C, Affidavit of Danny Lynn Cusenbary.



EXHIBIT
A

Sustained _____          Overruled ✓

6. Byron Walker's relevance objection to Exhibit D, Affidavit of Kerwin B. Stephens and its attached Exhibit "A."

Sustained _____          Overruled ✓

7. Byron Walker's objection to Paragraph 2 of Exhibit E, Affidavit of Sheryl Lee Walker because it recites factual conclusions without describing underlying facts.

Sustained _____          Overruled ✓

8. Byron Walker's relevance objection to Paragraph 2 of Exhibit E, Affidavit of Sheryl Lee Walker.

Sustained _____          Overruled ✓

9. Byron Walker's objection to Paragraph 3 of Exhibit E, Affidavit of Sheryl Lee Walker because it recites factual conclusions without describing underlying facts.

Sustained _____          Overruled ✓

10. Byron Walker's objection to Paragraph 3 of Exhibit E, Affidavit of Sheryl Lee Walker because she does not have personal knowledge related to the sale of the horse trailer.

Sustained _____          Overruled ✓

11. Byron Walker's objection to Paragraph 3 of Exhibit E, Affidavit of Sheryl Lee Walker because her knowledge related to the sale of the horse trailer is based on inadmissible hearsay.

Sustained _____          Overruled ✓

SIGNED this 9th day of September, 2014.

_____
JUDGE PRESIDING